**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY BINGHAM, JR.** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 23-2249** |
| | : | |
| **PHILADELPHIA SCHOOL DISTRICT** | : | |

| | |
|---|---|
| **McHUGH, J.** | **September 25, 2024** |

**MEMORANDUM**

  This is an employment discrimination action brought by Gregory Bingham, Jr., a former Special Education Classroom Assistant, against the Philadelphia School District. In his Amended Complaint, Bingham alleges that the School District discriminated against him on the basis of race and his sincerely held religious beliefs, violating both Title VII and the First and Fourteenth Amendments of the U.S. Constitution. *See* Am. Compl., ECF 6. The School District now moves for summary judgment on all counts. Mot. Summ. J., ECF 15. For the reasons that follow, the motion will be granted.

**I.  Factual Background**

  The record is minimal, starting with sparse allegations in Bingham's Amended Complaint. According to the School District, "Bingham did not serve initial disclosures, discovery or conduct any depositions." *See* Def.'s Reply Br. 2, ECF 19. Bingham also failed timely to respond to Defendant's Request for Admissions, with the result that all matters in the Request for Admissions are deemed admitted. *See* Fed. R. Civ. P. 36(3) ("A matter is admitted unless, within 30 days after

being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").[1]

The School District of Philadelphia hired Plaintiff Gregory Bingham Jr. as a Special Education Classroom Assistant in January 2015. Employment Processing Slip, Def.'s Ex. 1, ECF 15-2; Bingham Dep. 8:20-24. In January 2021, Bingham began the application process to be a School Counselor in the District. Jan. 2021 Email, Def.'s Ex. 4. To be hired as a School Counselor, Bingham needed to pass an interview, which included a series of scored questions to test his knowledge for the role. Steele Position Email Thread, Def.'s Ex. 10. Bingham did not pass the test, but was offered a redo, which he also failed. Bingham Dep. 35:14-36:11, 37:6-19, 38:17-19. Bingham's Amended Complaint points to this interview process as the basis for his claims of racial discrimination, but at his deposition he denied any racial discrimination. Bingham Dep. 52:12-18.

As to Mr. Bingham's religious discrimination claim, supporting facts are largely absent from his Amended Complaint. In his response to Defendant's motion, he seeks to set forth more of an explanation.[2] The record reflects that the School District required that all school personnel be vaccinated against COVID-19 by September 30, 2021, and provided a process for medical or religious exemptions. Sept. 2021 Email Vaccine Pol'y, Def.'s Ex. 24. Mr. Bingham was granted a religious exemption for his sincerely held religious beliefs. Bingham Dep. 61:22-24, 63:1-3. On

---

[1] It is not clear whether Bingham ignored the request for admissions or answered late. His response to the motion does not address the admissions cited by the District, and I therefore deem those facts admitted.

[2] This is procedurally improper, and the School District argues that I could grant summary judgment on this basis alone. Although there is persuasive authority to do so, *see Phillips v. SEPTA*, 2018 WL 827440, *4 (E.D. Pa. Feb. 12, 2018) (Robreno, J.) (finding that "a plaintiff cannot introduce new legal theories or claims through an opposition to a motion for summary judgment") (citing cases), I grant the motion on the merits.

October 19, 2021, the School District notified Bingham that he had been exposed to someone who tested positive with COVID-19.  Pl.'s Ex. 4, ECF 18-4.  Because Bingham was unvaccinated, he was instructed to quarantine, using his paid sick or personal leave, and to return back to work on October 29, 2021.  *Id.*  Alternatively, he could return to work on day eight of his quarantine if he tested negative on day five and was asymptomatic.  *Id.*  The email exchange about Plaintiff's situation is significant.  When Bingham was advised of his exposure, he was reminded that as an unvaccinated employee he was required to quarantine.  *Id.*  He then emailed his principal, Gretchen Stewart, and declared that he intended to work from home, citing advice from a representative of his union, the Philadelphia Federation of Teachers.  *Id.*  The principal replied that while quarantined, "you are not permitted to work from home," and supplied him with an email address to explore accommodations.  *Id.*  He neither replied to the principal nor pursued an accommodation, but without authorization worked from home.  *Id.*

Five days into Bingham's required quarantine, he was invited to interview for a School Counselor position at Vision Academy Charter School (VACS).  VACS Interview Email Thread, Def.'s Ex. 27.  On October 25, 2021, Bingham interviewed for the new position.  Given the timing of this interview, it is obvious that Bingham was in the process of seeking employment elsewhere before his COVID exposure.  The next day, also the day in which he could have returned to work with a negative test, Bingham accepted an offer for the new position.  VACS Offer & Acceptance Email, Def.'s Ex. 28.  Bingham began work at his new job on October 27 and submitted his resignation to the School District on the evening of October 28.  Bingham Resignation, Def.'s Ex. 29.  Bingham continued using his paid sick leave through October 28, 2021, even though he had started a new job on October 27 outside of the District.  Rambo Decl., Def.'s Ex. 32, ECF 19-2.

3

Bingham's racial discrimination claims are based on his application and ultimate rejection for a school counselor position, and his religious discrimination claims are based on the School District's COVID-19 vaccination policies.

## II.     Standard of Review

This Motion is governed by the well-established standard for summary judgment set forth in Federal Rule of Civil Procedure 56(a), as described by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.    Discussion

As a preliminary matter, there is no evidence on the record before me of racial discrimination. This is confirmed by the fact that Bingham has opposed the pending motion only as to his religious discrimination claims. *See* Pl.'s Resp. Br. 1, ECF 18. It is further confirmed by his deposition testimony: "Q . . . And so then your next allegation's that the test was given to you because of your race? A. No, that was not – no, no, no. That was not the specific – it was bias, not because of race, that's not what I was saying. I was not saying race." Bingham Dep. 52:12-18. I will therefore grant summary judgment as to Bingham's claims of racial discrimination and retaliation in Count I of the Amended Complaint.

Bingham similarly does not oppose summary judgment on his First Amendment claims. The Amended Complaint predicates the First Amendment violation on the School District's alleged termination of Bingham and its refusal to "accommodate his genuinely held Christian religious beliefs." Am. Compl. ¶ 43. But, by Bingham's own admission, he was *not* terminated: "Q. . . . Okay. Your complaint mentions that you believe you were terminated for your religious beliefs . . . A. What do you mean? I -- I didn't believe I was terminated. . . No, no, no. I quit the School District." Bingham Dep. 66:13-21. Bingham points to no other evidence from which a

reasonable jury could find the School District violated his First Amendment right to free exercise of religion. As such, I will grant summary judgment as to Count II.

Finally, I will also grant summary judgment as to Bingham's claims of religious discrimination and retaliation. In relevant part, Title VII makes it unlawful for an employer "to discharge any individual because of such individual's religion." 42 U.S.C. § 2000e–2(a)(1). Such claims can involve either disparate treatment or a failure to accommodate. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 281 (3d Cir. 2001). This case involves only the latter. *See* Pl.'s Resp. Br. 3 (pointing only to Title VII's requirement that employers "reasonably accommodate an employee's religious observance unless unable to without undue hardship," 42 U.S.C. § 2000e(j), and subsequent case law interpreting this requirement). To establish a prima facie case of religious discrimination for a failure to accommodate, Bingham must show that (1) he "holds a sincere religious belief that conflicts with a job requirement;" (2) he told his "employer of the conflict;" and (3) he "was disciplined for failing to comply with the conflicting requirement." *Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 224 (3d Cir. 2000).

The parties agree that Bingham has a sincerely held religious belief. The parties also agree that Bingham requested, and was granted, an accommodation to the vaccine mandate. Bingham argues, however, that he requested a second accommodation – to work from home instead of using his personal sick leave for mandated quarantine – and the school district improperly denied him. Pl.'s Resp. Br. 6. The School District, however, points out that Bingham did not request an accommodation related to quarantine leave. As the District emphasizes, when Bingham unilaterally announced his intent to work remotely, "there is no evidence in the record that his supervisor, Principal Gretchen Stewart was aware of [his religious exemption]. More importantly, there is no evidence in the record that Bingham sent an accommodation request regarding

quarantine leave and/or working from home to the appropriate entity – despite being directed to accomodations@philasd.org." Def.'s Reply Br. 6, ECF 19.  Given this record, I discern no factual basis on which a jury could reasonably find that the School District failed to accommodate a sincerely held religious belief.

**IV.   Conclusion**

Defendant's Motion for Summary Judgment will be granted.  An appropriate Order follows.

 /s/ Gerald Austin McHugh
United States District Judge